UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZVJEZDANA SPASOJEVIC,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

Case No.: _____

State Court Case No.: 14-CA-009258

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, and 1446, Defendant Wells Fargo Bank, N.A., ("Wells Fargo"), hereby removes the above-captioned case from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and states as follows:

**I. THE REMOVED CASE**

1. The removed case is a civil action filed on or about September 12, 2014, by Plaintiff, Zvjezdana Spasojevic ("Plaintiff"), in Hillsborough County, Florida, having been assigned the case number 14-CA-009258.

2. Plaintiff's Complaint asserts three counts: Count I is for alleged violations of the Florida Consumer Collection Practices Act (the "FCCPA"), section 557.72(7), Florida Statutes; Count II is for alleged violations of section 559.72(18) of the FCCPA; and Count III is for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii).

3. This action is removable under 28 U.S.C. § 1441(b), in that it is a civil action

arising under the Constitution, treaties or laws of the United States. This Court has original jurisdiction over this action under 28 U.S.C. § 1331.

## II. WELLS FARGO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. As required by 28 U.S.C. § 1446(a), Wells Fargo attaches copies of all process, pleadings, and orders served upon Wells Fargo, including summonses and petitions, as Exhibit A.[1]

5. The Complaint was served on Wells Fargo on September 25, 2014. Therefore, this Notice of Removal is timely filed within 30 days of receipt of the initial pleading by Plaintiff and within one year of commencement of the action. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Wells Fargo has not yet served its response to the Complaint.

6. The Thirteenth Judicial Circuit of Florida is located within the Middle District of Florida, Tampa Division. Venue is thus proper under 28 U.S.C. § 89(b) because this is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441.

*Federal Question Jurisdiction*

7. Removal is proper under 28 U.S.C. § 1331 because the Plaintiff's claim arises under the Constitution, laws, or treaties of the United States. This Court has original

---

[1] Per the Clerk of the Court's request, the Complaint has been separated into a separate PDF for the docket and to prevent multiple copies of the same document being placed on the electronic filing system.

jurisdiction under 28 U.S.C. § 1331, and Wells Fargo is entitled to remove to this Court pursuant to 28 U.S.C. § 1441(b), in that, Plaintiff has pleaded a federal law claim arising under the TCPA. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 752-53 (2012) (declaring that federal courts have subject matter jurisdiction over private claims brought under the TCPA, and that such claims are federal questions subject to removal under 28 U.S.C. § 1331).

*Supplemental Jurisdiction*

8. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over all other claims—the two state law FCCPA claims—Plaintiff brings in this case because those claims are so related to Plaintiff's TCPA claim that they form part of the same case and controversy under Article III of the United States Constitution. Accordingly, all of Plaintiff's remaining claims are removable pursuant to 28 U.S.C. § 1441(c).

9. Pursuant to 28 U.S.C.§ 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Pinellas County, Florida. A true and correct copy of this Notice is attached. See Exhibit B.

## IV. CONCLUSION

For the reasons stated above, Wells Fargo respectfully removes this action from the Thirteenth Judicial Circuit of Florida, bearing Case No. 14-CA-009258, to this Court pursuant to 28 U.S.C. § 1441.

Dated: October 15, 2014

CARLTON FIELDS JORDEN BURT, P.A.
Fentrice D. Driskell
Florida Bar No. 0833851
E-mail: fdriskell@cfjblaw.com
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4100
Alana Zorrilla-Gaston
Florida Bar No. 27256
E-mail: agaston@cfjblaw.com
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I CERTIFY that on the October 15, 2014, a copy of the Notice of Removal was e-mailed and sent by regular U.S. mail to:

Anthony S. Bradlow
Boss Arrighi & Hoag P.L.
9800 Fourth Street North, Ste. 402
St. Petersburg, FL 33702
tbradlow@protectyourfuture.com
cpservice@protectyourfuture.com

Fentrice D. Driskell
Florida Bar No. 0833851